ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                        :
UNITED STATES OF AMERICA                :    SEALED INDICTMENT
                                        :
        -v.-                            :    S1 12 Cr. 563 (   )
                                        :
NOORUDDIN DASHTI,                       :
                                        :
        Defendant.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/12

COUNT ONE

The Grand Jury charges:

1. From at least in or about 2009, up through and including in or about February 2012, in the Southern District of New York and elsewhere, NOORUDDIN DASHTI, the defendant, and others known and unknown, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1029(a)(5).

2. It was a part and an object of said conspiracy that NOORUDDIN DASHTI, the defendant, and others known and unknown, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period, the aggregate value of which was equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

OVERT ACTS

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about September 19, 2011, NOORUDDIN DASHTI, the defendant, met with a co-conspirator not charged herein as a defendant ("CC-1") and conducted a fraudulent credit card charge in the amount of $3,965.30 using a credit card under the control of the Federal Bureau of Investigation ("FBI") on a credit card terminal at DASHTI's jewelry store.

    b. On or about September 20, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted fraudulent credit card transactions in the amounts of $4,340.10 and $2,480.60 using two credit cards under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

    c. On or about September 23, 2011, CC-1, who was in New York, New York, called NOORUDDIN DASHTI, the defendant, on the telephone to discuss DASHTI conducting a fraudulent credit card transaction with one of the credit cards CC-1 provided to DASHTI.

    d. On or about September 23, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted a fraudulent credit card transaction in the amount of $4,980.50 using a credit

card under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO

The Grand Jury further charges:

4. From at least in or about 2009, up through and including in or about February 2012, in the Southern District of New York and elsewhere, NOORUDDIN DASHTI, the defendant, and others known and unknown, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other, to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

5. It was a part and an object of the conspiracy that NOORUDDIN DASHTI, the defendant, and others known and unknown, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## OVERT ACTS

6. In furtherance of the conspiracy, and to effect

the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about September 20, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 to conduct fraudulent credit card transactions with two Chase credit cards ending in "9305" and "9628" under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

   b. On or about September 23, 2011, CC-1, who was in New York, New York, called NOORUDDIN DASHTI, the defendant, on the telephone to discuss DASHTI conducting a fraudulent credit card transaction with one of the credit cards CC-1 provided to DASHTI.

   c. On or about September 23, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted a fraudulent credit card transaction using a Chase credit card ending in "9248" under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

   (Title 18, United States Code, Section 1349.)

## FIRST FORFEITURE ALLEGATION

   7. As a result of committing the offense alleged in Count One of this Indictment, NOORUDDIN DASHTI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any and all property constituting, or derived from,

proceeds obtained directly or indirectly as a result of the offense, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offense, and, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense charged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1029;
Title 21, United States Code, Section 853.)

## SECOND FORFEITURE ALLEGATION

9. As a result of committing of the offense alleged in Count Two of this Indictment, NOORUDDIN DASHTI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offense.

### Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 982 and 1349;
      Title 21, United States Code, Section 853.)

_____      _____
FOREPERSON                  PREET BHARARA
                            United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

NOORUDDIN DASHTI

Defendant.

---

**INDICTMENT**

S1 12 Cr.

(Title 18 United States Code,
Sections 1029(b)(2), 1349, 1028(f)).

PREET BHARARA
United States Attorney.

---

7/24/12 *Filed Sealed Superseding Indictment.*
*Judge Gorenstein*