☐ ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
UNITED STATES OF AMERICA           :      SEALED INDICTMENT
                                   :
          -v.-                     :      12 Cr.    (   )
                                   :
NOORUDDIN DASHTI,                  :
MUSTAFA KAMAL,                     :
     a/k/a "Naka Kamal"            :
ATIQUR SUJON,
     a/k/a "Sujon LNU,"            **12 CRIM 563**
MOHAMMED S. ALOM,                  :
     a/k/a "Abdul Hye,"            :
     a/k/a "Abdul Hadi,"           :
     a/k/a "Abdul H. Mohammed,"    :
MUHAMMED MISBAUDDIN,
     a/k/a "Misba LNU,"            :
ALAMGIR LNU,                       :
     a/k/a "Monirul Rahman,"       :
     a/k/a "Mohammed M. Hassan,"   :
and,
FNU LNU,                           :
     a/k/a "Gordo LNU,"            :
     a/k/a "Marco Antonio Barreto,":

                Defendants.        :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/12

COUNT ONE

The Grand Jury charges:

     1.   From at least in or about 2009, up through and
including in or about February 2012, in the Southern District of
New York and elsewhere, NOORUDDIN DASHTI, MUSTAFA KAMAL, a/k/a
"Naka Kamal," ATIQUR SUJON, a/k/a "Sujon LNU," MOHAMMED S. ALOM,
a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed,"
MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU, a/k/a
"Monirul Rahman," a/k/a "Mohammed M. Hassan," and, FNU LNU, a/k/a
"Gordo LNU," a/k/a "Marco Antonio Barreto," the defendants, and

others known and unknown, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1029(a)(5).

2.    It was a part and an object of said conspiracy that NOORUDDIN DASHTI, MUSTAFA KAMAL, a/k/a "Naka Kamal," ATIQUR SUJON, a/k/a "Sujon LNU," MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," and FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendants, and others known and unknown, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period, the aggregate value of which was equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

<u>OVERT ACTS</u>

3.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about 2009, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the

defendant, sold to a co-conspirator not charged herein as a defendant ("CC-1") approximately seven credit cards issued in the name "Abdul H. Mohammed" for CC-1's use in conducting fraudulent credit card charges.

       b.   On or about September 1, 2011, FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendant, met with CC-1 and gave CC-1 unauthorized identification documents, in the form of fake New York State Driver's Licenses, a fake Permanent Resident Card, and a fake Social Security Card, for CC-1's use in conducting fraudulent credit card charges.

       c.   On or about September 19, 2011, FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendant, gave CC-1 unauthorized identification documents, in the form of fake New York State Driver's Licenses for CC-1's use in conducting fraudulent credit card charges.

       d.   On or about September 19, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted a fraudulent credit card charge in the amount of $3,965.30 using a credit card under the control of the Federal Bureau of Investigation ("FBI") on a credit card terminal at DASHTI's jewelry store.

       e.   On or about September 20, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted fraudulent credit card transactions in the amounts of $4,340.10 and $2,480.60 using two credit cards under the control of the FBI on

3

a credit card terminal at DASHTI's jewelry store.

       f.   On or about September 23, 2011, CC-1, who was in New York, New York, called NOORUDDIN DASHTI, the defendant, on the telephone to discuss DASHTI conducting a fraudulent credit card transaction with one of the credit cards CC-1 provided to DASHTI.

       g.   On or about September 23, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted a fraudulent credit card transaction in the amount of $4,980.50 using a credit card under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

       h.   On or about October 7, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 to conduct fraudulent credit card transaction with two credit cards using a credit card terminal under the control of the FBI.

       i.   On or about October 14, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 to conduct a fraudulent credit card transactions with a credit card using a credit card terminal under the control of the FBI.

       j.   On or about October 20, 2011, ATIQUR SUJON, a/k/a "Sujon LNU", the defendant, met with CC-1 and conducted a fraudulent credit card transaction in the amount of $2,975 using

a credit card under the control of the FBI on a credit card terminal at SUJON's store, in New York, New York.

       k.   On or about October 31, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 to conduct a fraudulent credit card transaction with a credit card using a credit card terminal under the control of the FBI.

       l.   On or about November 1, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 to conduct fraudulent credit card transactions using a credit card terminal under the control of the FBI.

       m.   On or about January 5, 2012, ATIQUR SUJON, a/k/a "Sujon LNU", and MUSTAFA KAMAL, the defendants, met with CC-1 to conduct fraudulent credit card transactions with two credit cards belonging to another co-conspirator not charged herein as a defendant ("CC-2") at KAMAL's store in Middle Village, New York.

       n.   On or about January 18, 2012, MUSTAFA KAMAL, a/k/a "Naka Kamal," the defendant, and another co-conspirator not charged herein as a defendant ("CC-3"), met with CC-1 to conduct fraudulent credit card transactions with three credit cards under the control of the FBI on a credit card terminal at KAMAL's store in Middle Village, New York.

o.    On or about February 14, 2012, MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," the defendant, spoke with CC-1 by telephone and discussed conducting fraudulent credit card transactions with CC-1 and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant.

p.    On or about February 16, 2012, MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," MUSTAFA KAMAL, a/k/a "Naka Kamal," the defendants, and CC-1 met to discuss their shared interests in past and future sales of credit cards for use in conducting fraudulent credit card transactions.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO

The Grand Jury further charges:

4.    From at least in or about 2009, up through and including in or about February 2012, in the Southern District of New York and elsewhere, NOORUDDIN DASHTI, MUSTAFA KAMAL, a/k/a "Naka Kamal," ATIQUR SUJON, a/k/a "Sujon LNU," MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendants, and others known and unknown, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other, to commit bank fraud, in violation of Title 18, United States Code,

6

Section 1344.

5.    It was a part and an object of the conspiracy that NOORUDDIN DASHTI, MUSTAFA KAMAL, a/k/a "Naka Kamal," ATIQUR SUJON, a/k/a "Sujon LNU," MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendants, and others known and unknown, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## OVERT ACTS

6.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    In or about 2009, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the defendant, provided a Chase credit card ending in "3726" to CC-1

for CC-1's use in conducting fraudulent credit card transactions.

b.    On or about September 20, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 to conduct fraudulent credit card transactions with two Chase credit cards ending in "9305" and "9628" under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

c.    On or about September 23, 2011, CC-1, who was in New York, New York, called NOORUDDIN DASHTI, the defendant, on the telephone to discuss DASHTI conducting a fraudulent credit card transaction with one of the credit cards CC-1 provided to DASHTI.

d.    On or about September 23, 2011, NOORUDDIN DASHTI, the defendant, met with CC-1 and conducted a fraudulent credit card transaction using a Chase credit card ending in "9248" under the control of the FBI on a credit card terminal at DASHTI's jewelry store.

e.    On or about September 23, 2011, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the defendant, met with CC-1 to conduct a fraudulent credit card transaction with a Chase credit card ending in "9628" under the control of the FBI.

f.    On or about October 20, 2011, ATIQUR SUJON, a/k/a "Sujon", the defendant, met with CC-1 to conduct fraudulent credit card transactions with a Chase credit card ending in

"0770" under the control of the FBI on a credit card terminal at SUJON's store, in New York, New York.

g.   On or about January 18, 2012, MUSTAFA KAMAL, the defendant, and CC-3, met with CC-1 to conduct fraudulent credit card transactions with three Chase credit cards ending in "1504," "9305," and, "9628," under the control of the FBI, on a credit card terminal at KAMAL's store in Middle Village, New York.

h.   On or about February 14, 2012, MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," the defendant, spoke with CC-1 by telephone and discussed conducting fraudulent credit card transactions with CC-1 and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant.

i.   On or about February 16, 2012, MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," MUSTAFA KAMAL, a/k/a "Naka Kamal," the defendants, and CC-1 met to discuss their shared interests in past and future sales of credit cards for use in conducting fraudulent credit card transactions.

(Title 18, United States Code, Section 1349.)

<u>COUNT THREE</u>

The Grand Jury further charges:

7.   From at least in or about September 2011, up through and including in or about February 2012, in the Southern

9

District of New York and elsewhere, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendants, and others known and unknown, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1028(a)(7), (c)(1) and (c)(3) of Title 18, United States Code.

        8.   It was a part and an object of the conspiracy that MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendants, and others known and unknown, willfully, and knowingly did transfer, possess, and use, without lawful authority, means of identification of other persons with intent to commit, and to aid and abet, and in connection with, unlawful activity that constitutes a violation of Federal law, to wit, ALOM, MISSBAUDDIN, and ALAGIR LNU provided others with the means of identification of other persons for the purpose of engaging in credit card and bank fraud, in violation of Title 18, United States Code, Section 1028(a)(7), (c)(1) and (c)(3).

<u>OVERT ACTS</u>

        9.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among

others, were committed in the Southern District of New York and elsewhere:

a.    On or about September 16, 2011, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the defendant, met with CC-1 and offered to sell CC-1 the full name, date of birth, and a photocopy of a Social Security Card of another person ("Victim-1"), without Victim-1's authorization.

b.    On or about September 19, 2011, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the defendant, spoke to CC-1 by telephone while ALOM was in New York, New York, and agreed to visit CC-1's store later in the day.

c.    On or about September 19, 2011, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the defendant, received approximately $2,500 in payment for Victim-1's full name, date of birth, and photocopy of a Victim-1's Social Security Card.

d.    On or about September 19, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, spoke to CC-1 by telephone while ALAMGIR LNU was in New York, New York, and discussed the sale of means of identification of another person.

e.    On or about October 14, 2011, ALAMGIR LNU,

11

a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 and sold CC-1 the name, Social Security Number, date of birth, address, telephone number, a CitiBank MasterCard credit card ("Mastercard-1"), and the password for the CitiBank account associated with MasterCard-1 of another person ("Victim-2"), without Victim-2's authorization.

   f. On or about October 28, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 and offered the sale of a passport, bank card, Social Security Card, and other means of identification of another person ("Victim-3"), without Victim-3's authorization.

   g. On or about November 1, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 and gave CC-1 the full name, date of birth, Social Security Number, current address, and telephone number of another person ("Victim-4") without Victim-4's authorization.

   h. On or about November 1, 2011, MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," the defendant, spoke by telephone with ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, and CC-1, and gave ALAMGIR LNU and CC-1 the previous address of Victim-4 without Victim-4's authorization.

   i. On or about November 3, 2011, ALAMGIR LNU,

a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the
defendant, told CC-1 that ALAMGIR LNU's partner, MUHAMMED
MISBAUDDIN, a/k/a "Misba LNU," the defendant, asked ALAMGIR LNU
to sell more means of identification of other persons to CC-1.

   j. On or about February 13, 2012, ALAMGIR LNU,
a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," and MUHAMMED
MISBAUDDIN, a/k/a "Misba LNU," the defendants, offered to sell
CC-1 the full name, date of birth, Social Security Number, home
address, and credit card of another person ("Victim-5"), without
Victim-5's authorization.

   (Title 18, United States Code, Section 1028(f).)

COUNT FOUR

   The Grand Jury further charges:

   10. From at least in or about May 2011, up through and
including in or about March 2012, in the Southern District of New
York and elsewhere, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a
"Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN,
a/k/a "Misba LNU," ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a
"Mohammed M. Hassan," and FNU LNU, a/k/a "Gordo LNU," a/k/a
"Marco Antonio Barreto," the defendants, and others known and
unknown, willfully, and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
Sections 1028(a)(3), (c)(1) and (c)(3) of Title 18, United States
Code.

13

11.    It was a part and an object of the conspiracy that MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," and FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendants, and others known and unknown, knowingly, and willfully would and did possess five and more identification documents, other than those issued lawfully for the use of the possessor, authentication features, and false identification documents, in and affecting interstate commerce, with intent to use unlawfully and transfer unlawfully such documents and features, in violation of Title 18, United States Code, Sections 1028(a)(3), (c)(1) and (c)(3).

<u>OVERT ACTS</u>

12.    In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about May 26, 2011, FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendant, met with CC-1 and told CC-1 that FNU LNU, a/k/a "Gordo LNU," delivers fake identification documents from 9 a.m. until 6 p.m., on every weekday except Mondays.

b.    On or about June 8, 2011, FNU LNU, a/k/a

"Gordo LNU," a/k/a "Marco Antonio Barreto," the defendant, met CC-1 in New York, New York, and provided CC-1 a fake New York State Driver's License and a fake Permanent Resident Card.

       c.   On or about September 1, 2011, FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," met with CC-1 and gave CC-1 two fake New York State driver's licenses, a fake Social Security Card, and a fake Permanent Resident Card, and told CC-1 that an individual with whom he works had made more than twenty false identification documents that day.

       d.   On or about September 16, 2011, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," the defendant, gave CC-1 a photocopy of Victim-1's Social Security Card, which was in ALOM's possession.

       e.   On or about October 5, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 to provide a New York State driver's license and a Social Security Card that were not issued lawfully for ALAMGIR LNU's or CC-1's use.

       f.   On or about October 28, 2011, ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendant, met with CC-1 and offered to sell CC-1 the United States Passport and Social Security Card of Victim-3, which were in ALAMGIR LNU's possession.

       g.   On or about February 16, 2012, ALAMGIR LNU,

a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," and MUHAMMED

MISBAUDDIN, a/k/a "Misba LNU," the defendants, met with CC-1 and

provided a photocopy of a Social Security Card and New York State

Driver's License that were in their possession and that were not

issued lawfully for ALAMGIR LNU's, MISBAUDDIN's, or CC-1's use.

(Title 18, United States Code, Section 1028(f).)

### FIRST FORFEITURE ALLEGATION

13.   As a result of committing the offense alleged in

Count One of this Indictment, NOORUDDIN DASHTI, MUSTAFA KAMAL,

a/k/a "Naka Kamal," ATIQUR SUJON, a/k/a "Sujon LNU," MOHAMMED S.

ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H.

Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU,

a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," FNU LNU,

a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendants,

shall forfeit to the United States, pursuant to 18 U.S.C. §

982(a)(2)(B), any and all property constituting, or derived from,

proceeds obtained directly or indirectly as a result of the

offense, including but not limited to a sum of United States

currency representing the amount of proceeds obtained as a result

of the offense, and, pursuant to 18 U.S.C. § 1029(c)(1)(C), any

personal property used or intended to be used to commit the

offense charged in Count One of this Indictment.

### Substitute Asset Provision

14.   If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 982 and 1029; Title 21, United States Code, Section 853.)

<u>SECOND FORFEITURE ALLEGATION</u>

    15. As a result of committing of the offense alleged in Count Two of this Indictment, NOORUDDIN DASHTI, MUSTAFA KAMAL, a/k/a "Naka Kamal," ATIQUR SUJON, a/k/a "Sujon LNU," MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," and ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any and all property constituting, or

17

derived from, proceeds obtained directly or indirectly as a result of the offense, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offense.

## Substitute Asset Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (1) cannot be located upon the exercise of due diligence;

> (2) has been transferred or sold to, or deposited with, a third person;

> (3) has been placed beyond the jurisdiction of the Court;

> (4) has been substantially diminished in value; or

> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

> (Title 18, United States Code, Sections 982 and 1349;
> Title 21, United States Code, Section 853.)

## THIRD FORFEITURE ALLEGATION

17. As a result of committing one or more of the foregoing offenses alleged in Counts Three and Four of this

Indictment, MOHAMMED S. ALOM, a/k/a "Abdul Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H. Mohammed," MUHAMMED MISBAUDDIN, a/k/a "Misba LNU," ALAMGIR LNU, a/k/a "Monirul Rahman," a/k/a "Mohammed M. Hassan," and FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco Antonio Barreto," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses, and, pursuant to 18 U.S.C. § 1028(b)(5), any personal property used or intended to be used to commit the offenses charged in Counts Three and Four of this Indictment.

### Substitute Asset Provision

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which

19

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1028;
Title 21, United States Code, Section 853.)


FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

NOORUDDIN DASHTI, MUSTAFA KAMAL, a/k/a
"Naka Kamal," ATIQUR SUJON, a/k/a "Sujon
LNU," MOHAMMED S. ALOM, a/k/a "Abdul
Hye," a/k/a "Abdul Hadi," a/k/a "Abdul H.
Mohammed," MUHAMMED MISBAUDDIN, a/k/a
"Misba LNU," ALAMGIR LNU, a/k/a "Monirul
Rahman," a/k/a "Mohammed M. Hassan," and,
FNU LNU, a/k/a "Gordo LNU," a/k/a "Marco
Antonio Barreto,"

Defendants.

**INDICTMENT**

12 Cr.

(Title 18 United States Code,
Sections 1029(b)(2), 1349, 1028(f)).

PREET BHARARA
United States Attorney.

7/24/12 Filed Sealed Indictment. Arrest
A2 Warrants issued.

Judge Gorenstein
U.S.M.J.